Our last case for argument this morning is United States v. Cannon. Good morning, your honors, counsel, just under the wire on the morning. May it please the court. My name is Joanna Christensen and I represent the appellant Marquise Cannon. The district court erred by finding a life term of supervised release was mandatory in this case. The court said, as to this term of supervised release, it has got to be life. So the term of supervised release will be life. Now, if the court had done any other findings regarding the range, either. Ms. Christensen. Yes. There are obviously two possible understandings of that sentence. One is it's got to be life means the law requires me to impose life. The other is it's got to be life means the facts require me to impose life. You ask us to assume that the district judge took the legally erroneous meaning. Why shouldn't we assume that the district judge took the one that's consistent with the law? I think that because the court made no efforts to determine that there was a range. So when the court's considering all of the reasons for the sentence, if the court had simply said this is a range of five to life and based on these facts, it should be life. It has got to be life. But the court didn't make that finding. The range is not mentioned in the sentencing transcript. And all the court says is it's got to be life. The judge mentioned the correct range multiple times in this case. Do you think his memory is so faulty that he didn't remember? The judge, my reviewing of the transcript does not show that he mentioned the five to life. He said at one point that the maximum was life, but doesn't talk about the range itself as to why that is life. The reference to the maximum of life implies other options less than the maximum. If the range were life, he would have said that at the change of plea hearing. He would have said you're going to get life, supervised release, no matter what. I think it's definitely unclear, but there's no mention of a range at all. That's the problem here. The mandatory feeling is the life. And that language is nearly on all fours with the Wiley case, which is what we're relying on, where in Wiley we have all these other factors the government is trying to rely on, that it was correct in the pre-sentence report. In this case, it wasn't Riley. The district court adopted the pre-sentence report, this case and in Wiley. And the court asked defense counsel if there were any objections to the sentence. And defense counsel said no. And Wiley, again, reversed on plain error. There's a slight difference in the language. The district court did use the word mandatory in the Wiley case and not here. But the language is the same that the court used, is that as to a term of supervised release, it has to be life. So taking the district court at its word, that is the assumption that it's mandatory life. And in other cases, as we've cited in our briefs, that's enough to meet the plain error test here. And it's not, as the government argues, any problems with the district court's findings. The district court's findings about the appropriateness of the sentence can go toward the appropriateness of the term of supervised release. The argument here is the district court assumed that term of supervised release was mandatory life. And that's the issue here. So like in Wiley, this case should be remanded. In Wiley, it was a limited resentencing to ask the district court, is this what you meant? What would you have done if you had known the correct thing? And I believe the same remedy is appropriate here. So unless the court has further questions, I will reserve the rest of my time. Thank you. Thank you. Mr. Kerwin, good morning again. Good morning again, Your Honors. Brian Kerwin for the United States. Your Honors, as Judge Easterbrook's question alluded to, the court was not confused as to the mandatory minimum term of supervision that was required to impose in this case. The sentencing transcript makes clear that the court's statement, its one-off comment that it has got to be life, was a reference to the 3553A factors in the facts of this case compelling that result. And we see that both before and during the sentencing hearing, as well as afterwards in the court's statement of reasons. The court stated the range correctly at the change of plea hearing. It made clear at the beginning of the sentencing transcript that it had reviewed and then adopted the PSR. The PSR contained that accurate range that this court's case law has held, that that information is imputed to the district court. And throughout the hearing, both defense counsel and the government were speaking the same language as the court in terms of whether a range applied and what that mandatory minimum was and the fact that it was not life. The court explicitly said that there was a minimum term that would apply separately, as Judge Sykes commented. It said expressly that there was a maximum of life. Defense counsel acknowledged that the court would impose supervised release for a period of years that it would determine. The government made a strong argument for the imposition of a life term to ensure that the defendant would be fully rehabilitated, that the victims would receive restitution. And if there were any doubt that the parties were speaking the same language, the court asked both counsel for the government and defense counsel almost immediately after making its got-to-be-life statement, whether it had committed any procedural errors. Defense counsel flagged two with respect to the mitigation explanation that the court had provided. It did not identify this particular error, and in the government's view, that was a waiver of this particular procedural claim. But even if the court were to find that that was not precise enough, given the breadth of the court's question. Counsel? Yes, Judge. When you're arguing waiver, what do you think is the effect of criminal Rule 51A? The effect of Rule 51A, as this court, Judge, has made clear many times recently, including in the Martin case, is that an error that arises in the course of the court's explanation does not require an objection to receive de novo release. Does not require an objection. Correct. Rule 51A says you never need to argue with the judge once the judge has ruled.  And here you are saying that the defendant waived his position by not arguing with the judge after the judge ruled. I think not only is Rule 51A clear, but Martin was very critical of the United States for making the very argument that you are now reiterating. What do you think we should do? I disagree with the upshot of Martin that you're articulating, Your Honor, insofar as Martin, the government, argued that plain error applied because the defendant did not interrupt the judge and raise that objection in real time. But there's a separate line of cases that have not been unwound, Garcia-Segura, Lickers, among them, that if the court prompts counsel with a specific enough question, such that the answer evinces a deliberate and conscious choice not to pursue that particular challenge, here, quibbling with the word choice, it's got to be life, which was made moments before the question was asked, then a waiver can still apply with respect to a procedural error. And so you've got the Martin cases in the 51A space that you're alluding to, Your Honor, but then you've also got the opportunity for waiver to be on case. Let me be sure that I understand your argument. It is that if the judge invites responses, actually the judge has compelled responses, because if you don't accept the invitation, you've waived. Is that the government's argument? The government's argument is if you accept the invitation, you've waived. If the court asks, have I done something wrong in this particular way, and defendant says, no, you have not, you cannot raise that issue for the first time on appeal because you've evinced an intentional relinquishment of a known right by answering a precise enough question, as we see in Lickers, and expressing that you have no objection to what the court has done. And so you've given the judge an opportunity to correct it, or you've taken away the judge's opportunity to correct it by telling he or she that he's done nothing wrong. So that's the government's view, Your Honor. But as I said, even setting the waiver question to the side, that question and answer between counsel and the court underscores that it was the predatory and repeat nature of the conduct that compelled the judge's sentence, and that all the parties were speaking the same language during the sentencing hearing. So unless there are any other questions from the panel, I'll ask that the court affirm the sentence imposed by the district court. Thank you. Thank you. Ms. Christensen. I will take a few minutes to address the waiver issue because in addition to Martin, which is a relatively recent case that was decided after briefing in this case, Wiley talks about this exact issue because it came up. Now, Wiley doesn't mention Rule 51A. I'm sorry, 52A. In any case, but finds that that was not waiver, specifically rejects the government's argument about waiver. So that should not be waiver here. It should be plain error under the Wiley case. Reading the entire transcript shows that the district court never talked about there being a minimum term, only talked about the maximum of life, and didn't fully consider the range and thought life was mandatory. So unless the court has questions, I'd like to ask the court to reverse and remand. Thank you. Thank you. Our thanks to all counsel. The case is taken under advisement. And that concludes today's calendar. The court is in recess.